81 So.2d 826

Lelia Murray DAY

v.

DEPARTMENT OF INSTITUTIONS.

No. 41899.

April 25, 1955.

Rehearing Denied June 30, 1955.

Cadwallader & Dameron, Mary Bird Perkins, Baton Rouge, for appellant.

Sargent Pitcher, Jr., Baton Rouge, for appellee.

FOURNET, Chief Justice.

The plaintiff, Mrs. Lelia Murray Day, having appealed to the State Civil Service Commission from the action of her former employer, the Department of Institutions, in terminating her employment as Clerk with permanent civil service status, because of an alleged voluntary oral resignation which she denies having made, is now appealing [1] from the Commission's ruling maintaining an exception of no right of action filed by the Department of Institutions on the ground that she had failed to comply with Rule 13.2 of the Commission in that she had allowed more than thirty days to elapse between the time when she had allegedly been deprived of her rights or otherwise discriminated against and the date of her demand for a hearing.

For some time prior to June of 1953, appellant had been a member of the East Baton Rouge Parish Democratic Executive Committee, having been elected to that nonremunerative position for a four-year term; she was also a Clerk in the Department of Institutions. In June she was informed by Dr. Edward D. Grant, Director of the Department of Institutions, that in view of the provision of law which was to become operative on June 30, 1953, [2] prohibiting an employee in the classified service of the State from holding membership on a national, state or local committee of a political party, she would have to resign her membership on the East Baton Rouge Parish Democratic Executive Committee if she wished to retain her position with the Department of Institutions. [3] On June 30, 1953, in conformity with civil service requirements, appellant filled out Form B, "Application for Qualifying Examination," and stated thereon that she did not then hold an elective office. During the two months following (July and August), appellant was absent most of the time from her work, attending her sister who was then seriously ill and who subsequently died. During this period of unemployment she was on leave-without-pay with permission of her employer. Some time thereafter she called on Dr. Grant, [4] saying she was

---

1. An appeal from the decision of the appropriate Civil Service Commission is granted to this Court on questions of law alone, by Article 14, Section 15(O) (1), LSA–Const. of 1921, as amended.

2. LSA–Const. of 1921, Art. 14, §§ 15(N) (7) and 15(R), as amended.

3. Appellant testified that she immediately telephoned Mr. Russell Doiron, Chairman of the East Baton Rouge Democratic Executive Committee, and resigned; the testimony of Mr. Doiron, sought to be introduced to corroborate her statement, was excluded as being irrelevant on this trial of exceptions.

4. Appellant places the date as September 23, 1953; Dr. Grant, and the Director of Personnel, who was also present, agree that the date was the latter part of November.

ready to go to work;[5] the issue of her resignation was raised, and she insisted she had not resigned from the Department. What transpired thereafter is controversial; at some later date, according to appellant's testimony, she was told by Mrs. McInnis, the Personnel Director, that "Dr. Grant has definitely decided 'no'."

Appellant then consulted her attorney; as a result of his efforts, a conference was held on January 13, 1954, in the Office of the Director, Civil Service Commission, with a view to settling differences if possible. Dr. Grant was among those present, and on the 21st following, appellant's attorney addressed a letter to him inquiring as to his decision with respect to appellant's status. In reply, by letter dated January 27 from Dr. Grant to appellant's counsel, Mrs. Day was notified that her former duties had been merged, following her voluntary resignation, with those of another already-existing position. Shortly afterward, on February 8, 1954, Mrs. Day appealed to the Louisiana Civil Service Commission—whereupon the Department of Institutions filed exceptions of no cause or right of action, claiming that Mrs. Day had been separated from service on September 1, 1953, pursuant to her voluntary oral resignation.

The Commission found as a fact that " * * * as of the date of this meeting [the meeting being either September 23, 1953, as claimd by appellant, or the latter part of November, as claimed by Dr. Grant] Mrs. Day knew that she had been removed from the payroll of the Department of Institutions;" and concluded that under the provisions of Rule 13.2 of the Civil Service Commission, giving 30 days from the date of an alleged act of discrimination to apply for a hearing, and conceding that the meeting was in late November, nevertheless more than thirty days had passed before appellant had applied for a hearing and her appeal came too late.

In the recent case of Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343, this Court held that a person who had acquired permanent civil service status could not be demoted, dismissed or discriminated against by the appointing authority without furnishing the employee and the Director, in advance of such action, a statement in writing giving explicit and detailed reasons therefor, and notifying the employee of his right to appeal to the Louisiana Civil Service Commission; and failure to give such notice rendered the employer's action illegal. And in the more recent case of Young v. Charity Hospital

5. Appellant testified that she said "Dr. Grant, I am here to go to work * * * about my job." According to Dr. Grant, "She wanted to come back, wanted to be reemployed and I said, 'Well, that can't be done because as a separate job that detail does not any longer exist. It has been taken care of within another job.' " He "assured her that we would use every influence we could to get her a job in another department doing the same thing she had done for us."

of La. at New Orleans, 226 La. 708, 77 So. 2d 13, we held that where a permanent civil service employee received no written notification of her discharge and the cause therefor, her right to reinstatement was not affected by failure to file her appeal within thirty days after oral notification of her purported dismissal.

According to the provisions of Act 18 of 1952, incorporated in the Constitution under Article 14, it is specifically declared "No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority * * *." LSA–Const. of 1921, Art. 14, § 15(N) (1). Under the same Article, the State Civil Service Commission and appropriate City Civil Service Commissions are vested with authority and power to adopt rules "which shall have the effect of law, regulating employment, transfers, promotion, removal, qualifications * * * and as may be otherwise necessary to that end, the provisions and purposes of Civil Service as herein provided, * * *." LSA–Const. of 1921, Art. 14, § 15(I). Pursuant to that authority the Civil Service Commission adopted its rule XII, the part here applicable declaring: *"In every case of removal * * * the appointing authority or his authorized agent shall furnish the employee and the Director in advance of such action a statement in writing* giving explicit and detailed reasons therefor and shall notify such employee of his right of appeal to the Louisiana Civil Service Commission * * *." (Rule XII, Sec. 2; emphasis supplied.)

If the rules adopted by the Commission must have the effect of law, as directed by the Constitution, they must be strictly followed. The only written notice received by the appellant was the letter from Dr. Grant dated January 27, 1954. The contention of the appointing authority that Mrs. Day orally resigned effective September 1, 1953, and the conclusion reached by the Civil Service Commission that Mrs. Day knew at the latest in November, 1953, that the Department of Institutions had treated her as having resigned and had removed her from the payroll as of September 1, 1953, could not stand the test prescribed in the Rules adopted by the Commission itself. In order to make effective the removal of the subject employee from the payroll, the fact of the acceptance of her alleged oral resignation and of her removal from the payroll should have been made known by a statement in writing to her and to the Director in advance of such action.

For the reasons assigned, the order of the State Civil Service Commission maintaining appellee's exception of no right of action and dismissing the appeal is reversed and set aside, and the case is remanded to the Commission for further proceedings according to law and not inconsistent with the views herein expressed.

HAWTHORNE, Justice (concurring).

I concur in the decree remanding this case for further proceedings. However, it is my view that the case should be remanded so that the State Civil Service Commission can determine as a fact whether Mrs. Lelia Murray Day was dismissed by the Department of Institutions or whether she voluntarily resigned her position in that department. If the Commission should find on the remand that the employee voluntarily resigned, in my opinion that would end the matter. Under Article 14, § 15(*O*) (1), of the Louisiana Constitution, the decision of the Commission is final on a question of fact, and on appeal this court can review only a question of law. No question of law would be presented if it were found that the employee in this case resigned voluntarily.

I take issue principally with the statement in the majority opinion that " * * * In order to make effective the removal of the subject employee from the payroll, the fact of the acceptance of her alleged oral resignation and of her removal from the payroll should have been made known by a statement in writing to her and to the Director in advance of such action".

In arriving at this conclusion the majority opinion cites and relies on Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343,[1] in which it was held that a person who has acquired civil service status cannot be *demoted, dismissed, or discriminated against* by the appointing authority unless the employee and the director are furnished *in advance of such action* with a statement in writing giving explicit reasons therefor, etc. The majority also relies on Article 14, Section 15(N) (1), of the Louisiana Constitution, which provides that no person with permanent civil service status shall be *demoted, dismissed, or discriminated against* except for cause expressed in writing by the appointing authority, and on Rule XII of the Commission, which provides, among other things, that, in every case of removal or reduction in pay of a regular employee or demotion or other disciplinary action of such employee, the appointing authority shall furnish the employee and the director a statement in writing giving explicit and detailed reasons therefor.

In my view, however, these authorities have no application and are not controlling unless the Commission should find on the remand that the employee in the instant case did not voluntarily resign, for an employee who has voluntarily resigned has obviously not been "demoted, dismissed, or discriminated against by the appointing authority". The rules of the Civil Service Commission support my conclusion in this respect. These rules declare that certain words and phrases shall have certain designated meanings when used in the rules. " 'Removal or Dismissal' means the termination of employment of an employee for

---

1. See also Anderson v. Division of Employment Security, 227 La. 432, 79 So.2d 565; Colvin v. Division of Employment Security, 227 La. 774, 80 So.2d 404.

cause", and " 'Resignation' means the voluntary termination of employment of an employee". Civil Service Rules, Rule I. Therefore, when Rule XII of the Commission declares that in every case of *removal* of an employee the appointing authority shall furnish the employee and the director a statement in writing giving reasons for the removal, it means that the written statement is required when the employee is *removed for cause,* and not when the employee *voluntarily terminates his employment.*

The majority opinion has overlooked the definition of "removal" which is given by the Commission in its rules, and has interpreted "removal" to mean removal from the payroll for any reason whatsoever.

Therefore I concur in the decree remanding this case to the Civil Service Commission.

McCALEB, Justice (dissenting from the refusal of a rehearing).

The sole issue raised in the petition for a rehearing is whether the written notice of demotion, dismissal or discrimination, essential under Article 14, § 15(N) (1) of the Constitution and also required by Rule XII of the Civil Service Commission, applies to instances in which the civil service employee has voluntarily resigned.

I am in full accord with the concurring opinion of Mr. Justice Hawthorne, being convinced that a written notice of acceptance of a resignation is unnecessary in

order to effect a valid termination of employment and there is nothing in the Constitution or laws which provides for or contemplates the furnishing of such a notice. Hence, I think that a rehearing should be granted or, at least, that the erroneous view to the contrary expressed in the original opinion be corrected by a Per Curiam.

Plaintiff's appeal to the Civil Service Commission is based on her alleged unlawful removal by her former employer, The Department of Institutions. The latter asserts that it has not discriminated against her because she voluntarily resigned her position. If this be true (and the fact can only be determined after hearing the evidence), the Civil Service Commission is without jurisdiction as its authority to hear and decide appeals taken by employees is restricted to those matters involving the legality of removal and disciplinary cases. See Section 15 (*O*) (1) of Article 14 of the Constitution.