FOURNET, Chief Justice
(concurring).
I am in accord with the views expressed in the dissenting opinion of Mr. Justice McCALEB — views which, as stated in the majority opinion on rehearing, have the approval of the majority of this Court— that it is the duty of the various civil service commissions “to decide from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if this question is determined affirmatively, it must then be resolved whether the dereliction is such as to justify the punishment imposed * * ; ” also, that the Commission in the instant case “erred in failing to make an independent finding of its own that the penalty of dismissal was meet and proper under the facts and circumstances of the case. While noting that appellant had worked faithfully and efficiently for almost 15 years in the service of the City of New Orleans and that she was discharged within four months of the time she would have become eligible for retirement, the Commission simply took the position that, since the appointing authority had deduced that her inability to adjust herself to the changes in accounting methods constituted cause for her dismissal, it would not disturb his action as it did not appear to be arbitrary and capricious * * But I cannot agree with Justice McCALEB in his-view that the case should be remanded to' the Commission for a determination of this question, as proposed in his dissenting opinion. It is my view that in civil matters this Court has the right, in fact the duty, not only to reverse the rulings of the Commission when erroneous but to make corrections needed, as was ordered in the majority opinion. The facts as detailed by the Commission itself clearly show that the dismissal of appellant was arbitrary and. capricious.
Under the express provisions of the Louisiana Constitution (Article 14, Section 15), a person who has acquired permanent Civil Service status may not be demoted, dismissed or discriminated against except for cause expressed in writing (Sec. 15(N) (1)); the employee affected may appeal to the appropriate Civil Service Commission, those Commissions being vested with the right to hear and decide such appeals arid to determine the legality of all removal and disciplinary cases (Sec. 15(0) (1)), and are also empowered to adopt rules “which shall have the effect of law” fixing the procedure, the time within which appeals must be taken, and all other matters pertaining to appeals (Sec. 15(1) (8)). *182 The requirement that the “cause” be expressed in writing has received a strict construction by this Court, and absence of proper notification is fatal to the legality of the employer’s action. Young v. Charity Hospital of La. at New Orleans, 226 La. 708, 77 So.2d 13; Day v. Department of Institutions, 228 La. 105, 81 So.2d 826; Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199; King v. Department of Public Safety, 234 La. 409, 100 So.2d 217; and Mayerhafer v. Department of Police of City of New Orleans, 235 La. 437, 104 So.2d 163.
The Constitution also declares that the burden of proof on appeal, as to the facts, is on the employee (Art. 14, Sec. 15 (N) (1) (a)); but in order to avoid placing an impossible burden on him or her, the employee must of necessity have something explicit to refute, and lacking a statement of fact which is subject to disproof in a legally accepted sense, the “cause” stated is insufficient to meet legal requirements. Moreover, while an appeal to this Court from the decision of the appropriate Civil Service Commission is granted on questions of law alone (Sec. 15(0) (1)), there is the further rule — adapted from a principle of law obtaining in criminal cases and implicit in several of our recent civil service opinions — that where there is claimed to be a complete lack of evidence to support proof of a “cause” assigned for the disciplinary action taken in a case, there arises a question of law which this Court may decide after examination of the record. See Jais v. Department of Finance, 228 La. 399, 82 So.2d 689, citing Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393, 395, and Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742.
Of the two “causes” assigned for dismissal,[1] the specification under the first was so thoroughly 'disproved by appellant that it - can be said there is no proof in the record to support the assertion (i. e., that the hiring of an accountant to effect the transition was necessitated by appellant’s lack of adaptability'). The person employed, as revealed by the record, was Chester E. McGee; he began work in the fiscal office at the Airport toward the end of May, 1956, at which time admittedly the correlation with the City’s system had been about 90% completed. The purpose of his employment, as a matter of fact, was to replace Mrs. Brickman while she *184 was away on vacation; he himself so stated: “That’s the first thing that was mentioned to me. They wanted me to take over the books and perform the bookkeeping services so Mrs. Brickman could take her vacation.” The reconciliation of the accounts had to be effected by June 30, 1956, so that not only was appellant’s overburdened schedule further complicated by having to familiarize McGee with the system, but she found herself with an unwilling assistant, for McGee — who was not a C.P.A. but had general accounting experience — freely admitted that “I placed myself above bookkeeping.” Possibly because of that attitude, and in any event for some reason, he had to be shown over and over the details of the system, while at the same time he maintained a commanding air and an often overbearing demeanor. Suffice to say that there is no indication whatsoever that McGee was of the slightest assistance in effecting the reconciliation; to the contrary, rather, is the clear showing that he was a source of disharmony and his presence was actually an obstruction to meeting the goal.
With reference to the other cause assigned for dismissal, in my opinion a mere reading of its language shows how well-nigh impossible it would be to convincingly disprove such vague and general charges. At most it is a mere conclusion of the appointing authority, without giving any factual basis therefor. Such a cause for disciplinary action cannot be said, in good conscience, to have sufficiently apprised appellant of exactly what she would be required to disprove in order to meet the burden placed on her on appeal, and I think was clearly ineffective.
For the above reasons, I respectfully concur.

. “a. Lack of adaptability — The New Orleans Aviation Board was compelled to employ another accountant to effect the transition from one fiscal system to a new fiscal system being adopted.
“b. Inability to work with others— It was repeatedly demonstrated that you experienced serious difficulty in harmoniously working with contemporaries, internally within the Airport Adminstration, and externally with other agencies.'-’