LOTTINGER, Judge.
This matter is before this Court on appeal from a ruling of the Civil Service Commission of the State of Louisiana. The matter was transferred to this Court by the Supreme Court of the State of Louisiana based on modified jurisdiction of the two Courts which became effective July 1, 1960.
The record discloses that petitioner, Raymond J. Bedgood had been employed as an Equipment Operator III by the Louisiana Wildlife and Fisheries Commission. In such employment he had Civil Service classification. By registered letter dated March 26, 1956 the petitioner was discharged effective at 5:00 P.M. on March 30, 1956. This discharge letter was receipted for on March 29, 1956 by Mrs. Raymond Bedgood, wife of the petitioner. However, according to affidavits filed in the record of this proceeding, Mr. Bedgood was working away from home at the time, and actual notice of the contents of said letter was not received by Mr. Bedgood until a week or so later. It was then that petitioner took the matter up with his attorney, who, on April 5, 1956 wrote the Louisiana Wildlife and Fisheries Commission requesting a “fair hearing on this matter before the appropriate agency”. There is no evidence in the record that the letter of April 5, 1956 was ever received by the Wildlife and Fisheries Commission. However, on May 2, 1956 the Department of Civil Service received a letter of appeal from petitioner dated May 1, 1956. A hearing was held on June 18, 1956, restricted solely to whether petitioner’s appeal was timely filed under Rule 13 :12 of the Civil Service Commission. The Commission concluded that the notice of petitioner’s discharge receipted for by his wife on March 29, 1956 was, in effect, a compliance with Rule 13:12 as being adequate notice to the employee, and that the notice of appeal by petitioner was not timely filed within the thirty-day period as provided in said rule. Petitioner has appealed from the said ruling of the Civil Service Commission.
The petitioner raises two questions. His first question is to the effect that notice of his appeal was given to the Civil Service Commission within thirty days following his knowledge of dismissal, and that his appeal was, therefore, taken within the delays as set forth in the regulations of the Civil Service Commission. Petitioner secondly contends that the granting of rule making authority to the Civil Service Commission wa's a delegation of legislative power to an administrative body, and therefore is unconstitutional.
Rule 13:12 of the Civil Service Commission of the State of Louisiana provides as follows:
“No appeal shall be effective unless notice thereof is filed with the Director at his office in the Department of Civil Service at Baton Rouge, within thirty (30) days following the action complained against, or within thirty (30) days following appellant’s knowledge thereof, or where written notice is given of an action to he thereafter effective, within the thirty (30) days following the date on which such notice is given." (Italics ours.)
It is contended by petitioner that notice of his appeal was filed within thirty days following his knowledge thereof, and therefore his appeal was timely made. However, the said rule specifically provides that where written notice is given of an action to be thereafter effective, notice of the appeal must be filed “within the thirty (30) days following the date on which such notice is given”. In this particular instance the Wildlife and Fisheries Commission decided to give written notice of their action. Had they given no such written notice, then we feel that either of the other delays as mentioned in said rule wouid have applied, i. e., thirty days following the action complained against, or thirty days *269 following appellant’s knowledge thereof. The employee does not have his choice, under the clear intention of the rule, as to which delay applies, and in this particular instance where written notice was given he is obligated to file his appeal within thirty days following the date on which such notice is given. Chadwick v. Department of Highways, 238 La. 661, 116 So.2d 286.
Petitioner contends, however, that the said notice was not given until he returned home some week or more following receipt of the letter by his wife. We feel that the notice was technically given either upon the mailing of the letter, or certainly no later than the receipt thereof at his domicile, as the wording merely provides for the giving of notice, it does not call for the service or receipt thereof. In Cohen v. Havard, 5 Mart., N.S., 212, the Supreme Court said that notice to a party or his attorney need not be personal; it may, like any other, be left at his domicile.
As to the contention by petitioner that the rule making authority of the Civil Service Commission is an unconstitutional delegation of legislative authority, we mention the fact that this rule making authority stems from the Constitution of the State of Louisiana. Article 14, Section 15(1) of the Constitution of the State of Louisiana, LSA vests in the State Civil Service Commission the authority and power, after public notice and public hearing, to adopt, amend, repeal and enforce rules which shall have the effect of law. The rules which have been adopted by the Civil Service Commission, as well as the amendments thereto, were adopted under the said Constitutional authority, and so we certainly do' not believe that such authority can be held to be an unconstitutional delegation of authority.
For the reasons hereinabove assigned, the ruling of the Civil Service Commission will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.