ELLIS, Judge.
George B. Cain was employed by the State Custodian of Voting Machines, until his discharge on November 15, 1962. He filed an appeal to the Civil Service Commission on January 11, 1963.
After a thorough review of the facts applicable under Louisiana State Constitutional provisions, related statutes and jurisprudence, the Civil Service Commission concluded George B. Cain was actually employed under Civil Service at the time he was discharged and his discharge was. without adequate cause. It was further concluded his appeal was timely, since he was not notified in writing of the cause of his dismissal prior to his discharge. George B. Cain was reinstated in his former employment and it was held that he was entitled to full wages from the time of his discharge to the date he was reinstated.
The State Custodian of Voting Machines, for the State of Louisiana applied for a. stay order from the Court of Appeal, First Circuit, in connection with this ruling. The stay order was granted and the appellant perfected his appeal.
The case is properly before the Court under the provisions of Rule XVI, Section I of the Uniform Rules, Court of Appeal.. The Director of Personnel of the Department of Civil Service has intervened in; these proceedings on appeal. The legal' basis for this intervention is LSA-R.S. 13 :- 3416 which reads as follows:
“The director of personnel of any department of state or city civil service existing under the provisions of Article XIV, Section 15 of the Constitution of Louisiana shall be an indispensable party in any judicial proceeding wherein relief is sought against any rule,, decision, action or failure to act of the-civil service commission under which the director functions, with all of the-rights and remedies afforded to parties- *633 in litigation by the laws of this state. Acts 1962, No. 57, § 17'
The Statement of the Case and the Findings of Fact made in the opinion of the Civil Service Commission herein are substantially correct and therefore these are incorporated into this decision, with appropriate notations, to-wit:
“STATEMENT OF THE CASE
“This appeal brings into issue the status, under the Civil Service System, of those men who are employed by the State Custodian of Voting Machines to maintain and repair voting machine equipment.
“George B. Cain, the appellant, was originally employed prior to the effective date of the Civil Service Amendment, at a time when the State Custodian of Voting Machines was an appointee of the Secretary of State. By subsequent legislation, the State Custodian became the appointee of a board and finally, in 1960, the State Custodian of Voting Machines became an elective office.
“Through all of these transitions, appellant has remained in his original position, doing essentially the same duties except that his responsibilities have been enlarged to the point that at the time of his discharge he supervised approximately 600 machines and 14 mechanics
“During this period, appellant has never been included in any classification or pay plan under the Civil Service System. The State Custodian insists that appellant is a ‘Deputy Custodian IIP and has produced his payroll records to show that this was the title officially assigned to appellant. The payrolls also revealed, except for the grade number, that this is the title assigned to all State Custodian’s employees except his clerical employees.
“Cain exhibited an official identification card issued him by the State Custodian. It describes Cain as a Voting Machine Technician III. This is the classification used by the union to which the appellant belongs.
“The preoccupation with job description labels arises from that provision of the Civil Service Amendment exclusing the following from Classified Service: “ * * * commissioners, election watchers, custodians and deputy custodians of voting machines * * Article XIV, Section 15 (G) (a) (9).[1]
“On November 15,, 1962, Cain was discharged. His dismissal was oral and informal.
“On January 11, 1963, the Department of Civil Service received from Cain a letter dated January 10, 1963, appealing his dismissal. In substance, Cain contends that he is and has always been in the Classified Service and that he was discharged for political reasons. He asked for reinstatement.’’
“FINDINGS OF FACT
“In September, 1952, appellant was employed by the Custodian of Voting Machines. He was obligated to keep voting machines in good working order, to see that they were properly installed and transported from the warehouses where they were kept to the place where they would be needed on election day. On election day appellant delivered the machines into the hands of those responsible for them during the election, but he was required to hold himself available and on call for emergency adjustments and repairs. His duties in 1953 and 1962 were substantially the same except in terms of volume and additional responsibilities.
“Cain was discharged because he did not see ‘eye to eye politically with the Custodian. This is not good cause.
“The Custodian did not give Cain a letter of dismissal required for the effective discharge of those in Classified Service. *634 Article XIV, Section 15 (N) (1) of the LSA-Constitution,[2] Civil Service Rule 12.3. Nor was the Director of the Department of Civil Service notified in 15 calendar days. Rule 12.3.”
Ten specifications of error are raised by counsel for appellant. Two of these specifications of error constitute the main issues before this court on appeal. The first of these is the “conclusion that the incumbent Custodian of Voting Machines and George B. Cain are not the ‘custodian’ and ‘deputy custodian’ referred to by Paragraph (G) (a) (9), Section 15 of Article 14, Louisiana Constitution of 1921, as amended.” The second of these is the “failure of the Commission to hold that the appeal was not timely made.” In the main, the other specifications of error raised are dependent upon the decision on these two.
First we will deal with the question of whether or not Cain should have been considered employed under the Classified Civil Service. This decision rests upon the intendment of the exclusions made in Section 15(G) (a) of Article 14 of the LSA-Constitution of 1921, as amended. (See Footnote 1, supra)
There is no logical reason given by counsel for appellant why the exclusionary clause included in the pertinent constitutional article should apply to appellee, whose main duties were those of a mechanic in charge of service and repairs to voting machines. There is absolutely no statutory reference to persons employed as was Cain designating such employees as custodians or deputy custodians of voting machines. This appellation as regards such employees is apparently derived solely from Departmental custom and usage. The only authority for employment of appellee and others similarly situated is LSA-R.S. 18:-1163(C) which reads in part as follows:
“The state custodian may appoint or employ mechanics, experts, and other assistants whenever necessary in order to insure the maintenance, upkeep, and proper functioning and operation of the machines, or whenever necessary in-order to explain and demonstrate operation of the machines to the election officials or to the public. * * * ”
This statute makes no such designation. The equivalent Statute was LSA-R.S. 18 :- 1163(2) on June 30th, 1963 when the constitutional amendment in question took effect. Its provisions were identical to LSA-R.S. 18:1163(C).
Counsel for appellant argues that we must assume that it was intended that the deputies of both the State Custodian and Parish Custodian were to be in the unclassified State Service. The basis of this argument is that the language in the exclusionary clause of the applicable constitutional amendment (See Fn. 2, supra) did not designate the excluded custodians as “parish” custodians and “parish” deputy custodians.
This argument is not convincing for two reasons. The only statutory references to custodians of voting machines in effect at the time the amendment in question became effective were state custodian of voting machines, (LSA-R.S. 18:1163), parish custodians of voting machines (LSA-R.S. 18 :- 1164), and deputy parish custodians of voting machines (LSA-R.S. 18:1183.)
Furthermore, the state and parish custodians of voting machines were then appointed by the Secretary of State, and the deputy parish custodians were appointed by the parish custodians at the time the new constitutional amendment was passed. Later by Act 251 of 1952, the clerks of the District Courts were made ex-officio parish custodians of voting machines. Apparently both the appointive state custodian of voting machines as well as the appointive parish custodians and deputy custodians were referred to in the exclusionary clause *635 of the constitutional amendment at issue. This is a logical reason for failing to designate only the parish officials as unclassified workers.
Counsel for appellee makes several convincing observations in connection with the intendment of the exclusions in the constitutional amendment at issue:
“The State Custodian of Voting Machines seeks an interpretation of the Civil Service Amendment which would omit from its sweeping coverage into the classified service technical and administrative employees in one department of the state when the whole thrust of the Amendment was obviously to place all such employees of state agencies in the classified service. No valid basis of distinction can be assigned, from a logical point of view, why the Legislature would have singled out all of the employees of one department of the state for exclusion from the classified service, as the Custodian contends was the intention of the Legislature, when the employees of such department are almost altogether engaged in technical work and when the functions of such department involve what would seem to be the very type of duties the people would be most anxious to have performed by career employees operating under a merit system of civil service, rather than by a complete staff of political appointees.
“It is obvious why commissioners of elections, watchers and deputy parish custodians of voting machines, all of whom are employed on a one day basis, were not placed in the classified civil service. In the instance of these persons, it would be almost impossible to administer any effective program of civil service, because of the temporary nature of their employment, the thousands of people involved, the mobility of our population in these times, and the lack of any desire on the part of such persons to operate under a civil service system.
“Similarly, it is obvious why the state custodian of voting machines and the parish custodians of voting machines were not placed in the classified civil service. The state custodian of voting machines at the time of the 1952 Constitutional Amendment occupied an appointive position which partook of the same executive classification as those executive positions set out in Section 15(G) (a) (2) of the Amendment, and the parish custodians of voting machines could at the time of such amendment be public officials such as the Clerks of Court (though they were not required to be), and the Legislature clearly would not have desired to freeze such persons into the classified service when they might cease to hold the other public position which initially caused or impelled their appointments by the State Custodian as parish custodians.”
We approve this reasoning and adopt it herewith.
Another point in appellee’s favor is that the union to which workers such as appellee belonged requested that the title of Tech-nican be applied to such positions. This request was granted and individual cards were issued to the workers by the State Custodian of Voting Machines so designating these workers. Many letters were thereafter directed to these workers designating them as Technicians.
Therefore, it is concluded it was not the intendment of the exclusionary references in Article 14, Section 15(G) (a) (9) of the LSA-Constitution of 1921, as amended, to apply to appellant and others similarly employed. The Civil Service Commission’s ruling on this point is affirmed.
Appellant’s next Assignment of Error dealt with the Civil Service Commission’s conclusion that the provisions of Article 14, Section 15, (Q) (3) of the LSA-Constitution of 1921 as amended was “self-operative.” The pertinent portion of this constitutional provision reads as follows:
“All employees in the Classified Civil Service of the State * * * shall on the thirtieth (30th) day of June 1953 acquire permanent Civil Service status in the class of position they are oc *636 cupying on such date, subject to passing a qualifying non-competitive test, prescribed and given within a reasonable time after the thirtieth (30th) day of June 1953 by the Director of the * * * Civil Service Department, to determine their fitness to perform satisfactorily the duties of their positions, and thereafter they shall be deemed Classified Civil Service employees, and shall be subject to and governed by the provisions of this Section and the rules and regulations adopted under the authority of this Section.”
An examination of this portion of the Civil Service amendment will reveal that it granted permanent Civil Service status to persons employed on June 30th, 1953 in positions affected by the Civil Service amendment, subject to their passing a qualifying non-competitive test. It also provides that this test will be given within a reasonable time after June 30, 1953.
Since it has been proven that George B. Cain was employed in a position subject to Civil Service prior to the enactment date, this Section of the Civil Service amendment relates directly to him. The test provided for by the amendment should have been given to Mr. Cain within a reasonable time after June 30, 1953 by the director of the department of Civil Service. Counsel for appellant contends that appellees rights in the premises are inchoate pending the completion of the qualifying test.
In posing this Assignment of Error counsel for appellant does not attempt to answer the blanket qualifications provided by Article 14, 'Section 15 (X) of the Louisiana Constitution of 1921 as amended to the effect that the provisions of Article 14, Section 15 of the Louisiana Constitution “shall be self-operative”. This particular cause strongly supports the argument of counsel for appellee and counsel for inter-venor that if qualifying tests are not given by the director within a reasonable time, then eligible employees automatically obtains permanent Civil Service status. The qualification that the tqSts are to be given within a reasonable time also indicates that the intendment of the Act was that a failure to grant the test within the time allotted would result in an automatic waiver of this requirement. Any other result would give the director the power to vitiate the intended effect of the Civil Service amendment. The director could merely fail to implement the Act and thereby deny eligible employees their rights. This could be done totally or selectively to any and all eligible employees.
For these reasons the Civil Service Commission’s ruling that George B. Cain has acquired permanent Civil Service status prior to his discharge is affirmed. Therefore, his reinstatement with pay was in order, provided his appeal was timely under the facts presented.
Finally, it should be determined whether or not appellee filed a timely appeal of his discharge with the Civil Service Commission. This question is answered by the circumstances. Appellant was not given written reasons for his dismissal prior to his discharge, as required by Rule 12.3 and Article XIV, Section 15(N) (1) of the Louisiana Constitution of 1921 as amended.
Counsel contends the checks given to ap-pellee at the time of his discharge in payment for his services and accrued leave constituted written notice. This contention is without merit. No cause for dismissal was given on the checks. The only cause given was that Mr. Cain did not see “eye to eye politically” with the custodian. This cause was related to Mr. Cain orally. Therefore, the dismissal did not have the effect of beginning the tolling of the time for a timely appeal. Since the time for his appeal did not begin to run from the date of his discharge, his appeal was timely. See Young v. Charity Hospital of La., 226 La. 708, 77 So. 2d 13 (1954); Day v. Department of Institutions, 228 La. 105, 81 So.2d 826 (1955); Chadwick v. Department of Highways, 238 La. 661, 116 So.2d 286 (1959).
*637 Counsel for appellant complains that it was error for the director to set up temporary classifications and pay plans for the employees of the voting machine department, which order was included in the ruling on this appeal and was, therefore, subject to the stay order granted herein. This is apparently an inter-departmental order which does not have a direct bearing on the merits of George B. Cain’s original appeal to the Civil Service Commission. Therefore, it is found that this order is not properly before this court on this appeal and there will be no direct ruling upon it. The other Assignments of Error raised by counsel for appellant are the following:
“1. The failure of the Commission to note its lack of jurisdiction over the subject matter pursuant to Paragraph (G) (a) (9), Section 15 of Article 14, Louisiana Constitution of 1921, as amended.
“2. The failure of the Commission to grant the plea of prematurity and of no legal right of action and of no legal cause of action in view of Paragraph (2), (a) and (c) of subsection I, Section 15 of Article 14, Louisiana Constitution of 1921 as amended.
* * * * * *
“4. The granting by the Commission of what is tantamount to a Declaratory Judgment thereby usurping the prerogative of the Courts of Louisiana, contrary to law and to Article 1871 of the LSA-Code of Civil Procedure.
******
“7. The failure to find the alleged classification of George B. Cain or anyone similarly situated, inchoate until effectuated by applicable and appropriate procedures.
******
“9. Finding that George B. Cain should be reinstated with pay.”
These Assignments of Error are either automatically answered by conclusions reached hereinabove or they are found to be without merit.
For the reasons assigned the stay order granted herein is dissolved and the judgment of the Civil Service. Commission insofar as it effects George B. Cain is affirmed.
Affirmed.

. “(a) The Unclassified State * * * Service shall comprise the following offices and positions: * * * (9) Commissioners of elections, and watchers; custodians and deputy custodians of voting machines * *

. “No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in -writing by the appointing authority.”