LOTTINGER, Judge.
This is an appeal from a ruling of the Civil Service Commission of the State of Louisiana in reversing the action of the members of the Board of Institutions of the State of Louisiana in dismissing the appellant, Warren A. Cormier, and in reinstating said appellant to his position as Correctional Institution Superintendent, II, at Louisiana Correctional and Industrial School, Dequin-cy, Louisiana, with back pay from the time of the attempted removal.
The evidence discloses that on January 13, 1967, Warren A. Cormier, who had been employed by the Department of Institutions as a Correctional Institute Superintendent, II, in charge of the Louisiana Correctional and Industrial School at DeQuincy, Louisiana, was verbally advised by the Director of the Department of Institutions that he was being relieved of his duties as superintendent of the school and was being assigned to he in charge of the women’s institution at St. Gabriel, Louisiana. This verbal notice was followed by a letter of the same date which read, in part, as follows:
“Although this constitutes a demotion, your rate of pay will not be changed.
The specific reason for your change in position is for your failure to carry out the official policies of the Board of Institutions in regards to the installation of a Plasmapheresis Program at your institution.”
The letter further advised Mr. Cormier:
“Although your change is effective at once, you will have one week in which to move and transfer your household articles and other paraphernalia.”
Approximately one week later, on January 20, 1967, the Director of the Department of Institutions addressed another letter to Mr. Cormier which stated, in part, as follows:
“Although your transfer and demotion was effective immediately you were given one week in which to move your paraphernalia.
A week has now passed and not only have you failed to report for duty, you have failed to inform your supervisors of any circumstances which would have prevented your reporting to duty as assigned.
We therefore must assume that you have deliberately not reported and that you are no longer interested in your position. For this direct refusal to report to duty you are being separated from your position effective the close of business January 24, 1967, and your name removed from the payroll.”
The letter of January 13 was addressed to Mr. Cormier at DeQuincy as “Superintendent, Louisiana Correctional and Industrial School”, and the letter of January 20 was addressed to him at St. Gabriel as “Associate Warden, Women’s Institution”.
*773 On February 10, 1967, Mr. Cormier filed an appeal with the State Civil Service Commission. The director of the Department of Institutions promptly filed a motion for summary dismissal of the appeal on the two-fold ground that the appellant was seeking restoration to two positions, that of Correctional Institution Superintendent, II, and that of Associate Warden, which dual status the Commission could not grant him, and on the further ground that appellant did not deny the cause for removal as stated in the letter of dismissal.
The motions for summary judgment were referred to the merits, and subsequently, after hearing and taking the matter under advisement, the employee was restored to his prior position with the Department of Institutions as a Correctional Institute Superintendent, II. From this decision the Department of Institutions has taken this appeal.
The Department of Institutions takes the position that the employee in this case was not entitled to intentionally disobey an order, valid on its face, from an authorized superior. It is its contention that the employee here refused to report to his new position which gave the employer sufficient grounds for the dismissal of the employee under the provisions of law. Art. 14, Section IS (N) (1) provides as follows:
“No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
There is no question but that Mr. Cormier was of permanent Civil Service status and that, therefore, he came under the above constitutional provision, although the Director of Institutions claims that he is seeking a return to a dual status, a reading of his petition of appeal clearly shows that Mr. Cormier is seeking a reversal of his demotion and dismissal, and a return to his former status as Superintendent, II.
In its argument, the appellant ignores the crucial fact that this was not merely a change in duty station, transferring the employee from the DeQuincy institution to the institution at St. Gabriel, but as was formerly stated in the letter of January 13, 1967, the action upon the part of the employing unit was clearly a demotion.
In support of its argument in favor of the summary dismissal of the appeal, the Director of Institutions cites Chadwick v. Department of Highways, 238 La. 661, 116 So.2d 286. In that case the appeal was dismissed by the Supreme Court because the appeal had not been timely taken pursuant to Rule 13.12 of the Civil Service Commission which requires that the appeal be filed within a period of thirty days. In the case before us, however, the appeal was properly lodged within the thirty days required following the notice of the action taken. As a matter of fact it was filed within thirty days of both actions taken, i. e. the transfer or demotion of Mr. Cormier as set forth in the letter of January 13, and the separation from his position as set forth in the letter of January 20, 1967.
The facts show that some time previous to the attempted demotion of Mr. Cor-mier, the Department of Institutions had inaugurated a Plasmapheresis Program at the State Penitentiary at Angola. The Director of Institutions then decided that a similar program should be commenced at the De-Quincy institution of which Mr. Cormier was Superintendent. Although the evidence discloses that Mr. Cormier was not overenthusiastic about the program, the testimony and evidence does show that he followed all directives which he received regarding the said program, and that he posted these directives and/or notices on the appropriate bulletin boards. There was no evidence introduced to disclose that Mr. Cormier hampered the program at the DeQuincy institution, and it was shown that the success of *774 the program at DeQuincy was at least as successful as it was at Angola.
The specific reason given for the change of position, or demotion, in the letter ol January 13, 1967, was the failure of Mr, Cormier “to carry out the official policies of the Board of Institutions in regards to the installation of the Plasmapheresis Program at your institution.” The State Civil Service Commission, based upon the evidence in the record, held that the removal of Mr. Cormier from the position of Superintendent at the DeQuincy Institution was not based on any legal clause, and was, therefore, null and void. This holding was based on factual evidence which is contained in the record of this proceeding. The Department failed to refute this evidence and, as was pointed out by the Commission in its opinion “we listened in vain for the Department of Institutions to produce evidence that the ‘official policies of the Board of Institutions’ were some tangible, expressed instructions to Cormier that he had failed to obey.” Although the Department of Institutions failed to produce such evidence, the employee, on the other hand, offered a preponderance of the evidence to the effect that he had carried out the directives of the Department and that his demotion, and subsequent dismissal was without such cause as is required by the provisions of Art. 14, Section 15 (N) (1) of the Louisiana Constitution.
There remains no further question in the jurisprudence of this state to the effect that as long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission, the findings of fact by the Commission are final, and the jurisdiction of the appellate court is limited to the resolution or determination of questions of law only. In Smith v. Louisiana State Board of Health, La.App., 201 So.2d 14 at page 17, we said:
“The remaining two issues involve a very fundamental and basic appreciation of the law and the jurisprudence with respect to the decision of the Commission as the same relates to a question of fact. A review of the jurisprudence will disclose certain expressions that might indicate a variance to the rule of the finality of the Commission’s decisions on a question of fact. In Konen v. New Orleans Police Dept., 226 La. 739, 77 So.2d 24, the court stated ‘ * * * (W) here the decision is based on substantial evidence, the court may not consider the weight or sufficiency of the evidence’. This same language was used in Cottingham v. Dept. of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662. In the case of Mayerhafer v. Dept. of Police of the City of New Orleans, 235 La. 437, 104 So.2d 163, the Supreme Court employed the term ‘probative evidence’ when dealing with review of a question of fact. In King v. Dept. of Public Safety of the State of Louisiana, 236 La. 602, 108 So.2d 524, the Supreme Court stated that it could not review questions of fact so long as there is any evidence in the record to support the findings of the Commission.
(3) Realizing that the Konen case used the term ‘substantial evidence’, that the Mayerhafer case employed ‘probative evidence’ and that the King case said ‘any evidence’ in dealing with review of questions of fact, this court in Gremillion v. Dept. of Highways, La.App., 129 So.2d 805, (writs denied) felt compelled to state:
‘In order to make crystal clear our view of the jurisdiction vested in this Court by the Constitution of Louisiana on appeals from decisions of the Commission, we emphasize that under the plain provisions of the Constitution the decision of the Civil Service Commission is final on the facts and this Court is limited in its jurisdiction to the resolution or determination of questions of law only. We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this re *775 spect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial or probative so long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court.’
Accordingly, the last cited authority binds us to the rule that we may only review the decisions of the Commission on questions of fact where the record is barren of any evidence to support the findings of the Commission for it is only under the latter circumstances that a question of law arises.”
We, therefore, here have the situation where the employee first was demoted and then refused to transfer to his new position in accordance with the letter of demotion. Because of the refusal to so comply, the employee was separated from his Civil Service status. Of course, had the order of demotion been valid, then the employee would have been at his own peril in his failure to report to his new duty station. However, as the order of demotion was invalid, as was found by the Civil Service Commission, then he was justified in his failure to report as so ordered.
For the reasons hereinabove assigned, the decision of the Civil Service Commission will be affirmed.
Judgment affirmed.