ELLIS, Judge.
Warren A. Cormier, the appellant herein, was dismissed as Superintendent of Louisiana Correctional and Industrial School by letter of May 12, 1967. In the letter, he was informed that the Board of Institutions, the appointing authority, had found him guilty of misconduct in that he had engaged in a number of specific instances of corporal punishment of trainees under his authority, and further that he used State property and funds for his own personal use. The dismissal was appealed to the Civil Service Commission which held a hearing and eventually sustained the dismissal. From the opinion sustaining the dismissal, Cormier has taken an appeal to this Court.
In its opinion, the Commission found as a matter of fact that on two separate occasions, the first in June, 1965, and the second in October, 1968, Mr. Cormier had struck inmates of the Institution — the first with his fist, and the second across the shoulder with his bridle reins. They further found that neither of the two inmates, at the time of being struck, was attempting to escape, to assault the appellant or any other employee of the Institution, or to assault any other inmate. They found that he had violated Rule 15, Section 1 of the rules and regulations of the Institution, which had been promulgated by Mr. Cor-mier as Superintendent, and which reads as follows:
“15. Corporal punishment is prohibited. No employee shall strike a trainee except under extraordinary circumstances such as stopping an escape; the assaulting of another trainee or an assault upon an employee and then only if he is unable to subdue the trainee without resorting to the use of force.”
We note from the record that this is the second time that the Department of Institutions has dismissed Cormier from his position as Superintendent of L.C.I.S. The first letter of dismissal was dated January 20, 1967. When that dismissal was appealed, the Civil Service Commission found that the dismissal was without just cause and reinstated him in his position. That decision was affirmed by this Court. See Cormier v. Louisiana State Penitentiary, State Department of Institutions, 206 So.2d 771 (La.App. 1 Cir.1968).
The record further shows that Mr. Cor-mier was not permitted to return to L.C.I. S. but was placed on forced annual leave until the date on which he was handed the notice of dismissal, which is the subject of this suit.
The attack on the dismissal and its af-firmance by the Civil Service Commission is based on eleven specifications of error, which boil down to two major points. The first is that since the offenses complained of in the letter of May 12, 1967, all antedate the dismissal letter of January, 1967, then they can not now form the basis of *145 his dismissal. Second, it is claimed that the Commission erred in not permitting Mr. Cormier to offer evidence tending to show that the dismissal was not actually predicated upon the charges set forth in the letter of May 12, but was based on improper motives.
Our examination of the record shows that the second point is well taken. Cor-mier attempted to introduce evidence relating to the motives of the appointing authority, in support of his allegation that the dismissal was based on political or otherwise impure motives, rather than on the charges made in the letter of dismissal. The Commission refused to hear this testimony, stating that they were interested only in evidence relating to the charges in the letter of dismissal.
Under Article XIV, Section 15 of the Constitution of 1921, such evidence is clearly admissible, and relevant. Both the Supreme Court and this Court have held that the failure to admit such evidence constitutes reversible error. King v. Department of Public Safety, 234 La. 409, 100 So.2d 217 (1958); Bonnette v. Louisiana State Penitentiary, 148 So.2d 92 (La.App. 1 Cir.1962). In the King case, supra, the Court used the following language:
“Therefore, if an employee is claiming on appeal from an order of dismissal that the assigned cause therefor is not the real cause but that the underlying cause is politics or religion, it seems too plain for extended argument that he has the right to have the Civil Service Commission consider the factual accuracy of the claim.
‡ 5fs ‡ i{c >|c ijc
“(3). In addition, we think it appropriate to deduce that, even though the verity of the assigned cause for dismissal has not been fully disproved by the aggrieved employee, if the evidence pre-ponderately shows that the appointing authority would not have taken the disciplinary action except for political or religious reasons or prejudices, it would be proper and, in keeping with the Commission’s functions and duties, for it to reverse the dismissal or other disciplinary action,' provided it felt that the assigned cause was not of such a serious nature as to endanger the efficiency of the service.”
Since we are disposing of the case on the second point, we do not find it necessary to consider the first point raised by appellant.
The decision appealed from is reversed and the matter remanded to the Civil Service Commission for another hearing consistent with the views herein expressed.
Reversed and remanded.