BARRY, Judge.
Appellant was terminated as a plumbing inspector for the Sewerage and Water Board by letter from the appointing authority. The dismissal was based upon Mr. Pic-ton’s “entire work record” which included “false and improper” inspection reports. A Hearing Examiner recommended termination which was affirmed by the Civil Service Commission of New Orleans. The employee appeals basically alleging insufficiency of notice in the termination letter and that the Civil Service Commission erred in ruling that appellant’s affirmative defense was not admissible as a defense to the charges in the termination letter.
This court has review of both fact and law on appeal from the Civil Service Commission. Louisiana Constitution, 1974, Article 10, Section 12: “The decision of a Commission shall be subject to review on any question of law or fact upon appeal.” Michel v. Dept. of Pub. Saf. Ah Bev. Con. Bd., 341 So.2d 1161 (La.App. 1st Cir., 1977), writ denied, 343 So.2d 1078; Armant v. Housing Authority of New Orleans, 351 So.2d 1262 (La.App. 1st Cir., 1977).
Before reviewing the facts for dismissal, we initially consider appellant’s contention that the notice of termination was insufficient and not in conformity with Rule IX, Section 1.2 which provides:
“In every case of removal, suspension, reduction in pay, or fine of any employee in the classified service, or of involuntary retirement or demotion of the employee, the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefore. The Director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and consider the reply, and may make an investigation of the facts.” (emphasis added).
Mr. Picton did receive from the appointing authority a termination letter citing incidents as the alleged basis for his removal. However, he argues he did not receive notice from the Director of his right to reply to the termination. Appellee’s response is that since Mr. Picton did appeal he must have received some notice of his right to reply. There is no letter or evidence in the record which proves that Mr. Picton was notified in writing by the Director of his right to reply to his dismissal as required under Rule IX, Section 1.2.
Our Supreme Court has mandated that Civil Service Rules be strictly construed. Day v. Department of Institutions, 228 La. 105, 81 So.2d 826 (1955); Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343 (1954); Bonnette v. National Surety Corporation, 75 So.2d 345 (La.1954); Pettit v. Reitzell, 202 La. 12, 11 So.2d 13 (1942).
In Boucher, supra, the Supreme Court held that a person who had acquired permanent civil service status could not be dismissed, demoted, or discriminated against by the appointing authority without furnishing to the employee in writing the safeguards required under the statutes. In Day, supra, our highest court stated the standard clearly: “If the rules adopted by the Commission must have the effect of law, as directed by the Constitution, they must be strictly followed.” 81 So.2d at page 828.
The language in Rule IX, Section 1.2 is clear and unambiguous in its mandate that the employee be advised in writing of his right to reply. Since that requirement must be strictly construed and the requirement may not have been met according to the record before us, this issue will be remanded for an evidentiary hearing at which the Director has the burden to prove that Mr. Picton received written notice of his right to reply to his dismissal in accordance with the rules of the Civil Service Commission.
When this matter was heard before the Hearing Examiner appellant’s counsel advised that he would present an affirmative defense to his dismissal. The Hearing Examiner ruled that the employee’s defense would be limited to contesting the specifications contained in the letter of dismissal. Appellant’s counsel appealed to the Civil Service Commission which upheld the Hear *1261 ing Examiner’s ruling. Writs of Certiorari and Review were refused by our appellate courts because “our usual practice will not interrupt the proceedings of the Commission at this stage.” Picton v. Sewerage and Water Board, 356 So.2d 1391 (La.1978).
The Commission’s refusal to permit appellant an opportunity to present and introduce evidence of alleged discrimination or impure motives clearly constitutes reversible error. The record reveals that the Commission limited appellant’s evidence to answer charges contained in the letter of dismissal and declined to allow evidence that the employee was discharged because of motives other than the causes assigned in the letter of dismissal. As stated by counsel for appellee in his brief at page 15: “It was not necessary for the Board or Mr. Lawrence to respond to the appellant’s proffer because the appellant’s affirmative defense was ruled as inadmissible evidence.”
Our jurisprudence has been consistent in holding that if an employee on appeal from an order of dismissal claims that the assigned cause therefore is not the real cause, but that the underlying cause is politics or religion, it seems too plain for extended argument that he has the right to have the Civil Service Commission consider the factual accuracy of the claim. Bonnette v. Louisiana State Penitentiary, 148 So.2d 92 (La.App. 1st Cir., 1962).
The validity of the charges in the letter of dismissal are questions of fact. Their verity or falsity must be judged by all evidence pertinent to the inquiry, and the decision of the Commission necessarily depends on its belief or disbelief of testimony given by the witnesses. Consequently, any evidence intending to show that the action of the appointing authority was founded on impure motives, political considerations, or religious prejudices is clearly admissible and should be given consideration by the Commission. Obviously, such evidence has a direct bearing on the genuineness of the assigned charges and also may well effect the weight to be given the Director’s testimony and that of his supporting witnesses. King v. Department of Public Safety, 234 La. 409, 100 So.2d 217 (1958). The refusal to hear and consider appellant’s claims of impure motives effectively denied him a fair and impartial trial. Mr. Pieton is entitled to a full hearing not only to refute the charges against him, but also to present evidence, if there be any, to prove impure motives or discrimination as the basis for his dismissal.
We should note that in the writ application to the Supreme Court on the Hearing Examiner’s refusal to permit the affirmative defense, Justice Tate concurred in the writ denial, but said: “The ruling appears to be erroneous and to require a reversal on judicial review.” Picton v. Sewerage and Water Board, supra.
We do not find it necessary to determine if the specifications of the letter of dismissal contained proper grounds for termination of employment or if the reasons given therein were specific enough to allow the employee to properly prepare his defenses and rebuttals. The letter of dismissal will stand or fall on its legal sufficiency after the entire record is completed and if this matter is again presented on appeal.
For the above reasons the decision of the Civil Service Commission is reversed and this matter is remanded to the Commission for a new hearing consistent with the views expressed herein.

REVERSED and REMANDED.