ELLIS, Judge.
This is an appeal from a ruling of the Civil Service Commission of this state which dismissed the appeals of Dudley Johnson from his suspension and subsequent dismissal by the State Parks and Recreation Commission from his position of Park Ranger at Chicot State Park.
Johnson was charged by bill of information dated February 28, 1966, with “theft of black walnut lumber, having a value of $17.00.” By letter dated March 28, 1966, *181 he was notified by certified mail of his suspension, without pay, for a period not to exceed 90 days, pending disposition of the theft charge.
And on April 26, 1966, the following letter was forwarded to the Department of Civil Service by Mr. Johnson’s attorney:
“On behalf of Mr. Dudley Johnson, I request an appeal of your action suspending him, without pay, for ninety (90) days, which becomes effective April 1, 1966.”
The record shows that the letter was filed on April 27, 1966, and assigned docket No. 713.
The following letter, dated April 28, 1966, and filed on April 29, 1966, was then sent by Mr. Johnson’s attorney:
“On behalf of Mr. Dudley Johnson, I request an appeal in the following respects :
“We complain of the action being taken against Mr. Johnson, his being suspended without pay for a period not to exceed ninety (90) days, commencing April 1, 1966.
“The basis of our appeal is that he was suspended for no cause, it being well settled that a mere criminal indictment or information is insufficient to sustain a suspension. In addition to this, the charges of theft against Mr. Johnson are emphatically denied.
“The relief sought by Mr. Johnson is recision (sic) of the said suspension and his restoration to active duty status with back pay.”
An extract from the minutes of the 13th Judicial District Court, which is in the record, shows that on May 27, 1966, Johnson having been found guilty of theft, was sentenced to pay a fine of $50.00 and costs.
By letter dated May 30, 1966, Johnson was notified of his dismissal from his position as Park Ranger, because of the “theft of this lumber from Chicot State Park and because of your conviction.”
The following letter of appeal, dated June 2, 1966, was then sent to the Department of Civil Service:
“On behalf of Mr. Dudley D. Johnson, I request an appeal of the action of the State Parks & Recreation Commission dated May 30, 1966, removing Dudley D. Johnson from his position as Park Ranger effective at the end of business May 31, 1966.
“The action complained of is Mr. Johnson’s removal of his position, for an alleged offense committed on February 3, 1966, for which he was subsequently convicted of a misdemeanor and fined $50.00, it being pointed out at this time that Mr. Johnson had no right of appeal from this conviction.
“The basis of our appeal is that he was removed for no cause, it being well settled and clear that the conviction of a misdemeanor is insufficient to sustain a removal. Notwithstanding the District Court’s decision, which Mr. Johnson could not appeal, the theft charges are emphatically denied.
“The relief sought by Mr. Johnson is rescission of the removal of Mr. Johnson from service and his restoration to active duty with back pay.”
The second appeal was assigned the number 722 on the docket of the Civil Service Commission, and a hearing was held on both appeals on July 5, 1966.
At that hearing, the bill of information and the minute entry evidencing the conviction and sentence of Johnson were placed in evidence. Johnson offered to produce evidence to show that the District Court was in error in finding him guilty of the crime of theft. The Commission refused to hear the evidence, on the ground that it had no right to go behind the judgment of *182 the District Court, or to readjudicate the question of Johnson’s guilt or innocence.
In its written opinion, the Civil Service Commission dismissed the appeal from the suspension (No. 713) on the ground that it was not timely filed. It further found that the conviction of Johnson for theft constituted an adequate basis for his dismissal as a Park Ranger, and dismissed the appeal in No. 722.
From both the above rulings, Johnson has taken an appeal, alleging the following specification of error:
“THE CIVIL SERVICE COMMISSION ERRED AS FOLLOWS:
“1) With reference to Docket No. 713 (the suspension), the Commission erred in holding that the letter of appeal was not filed within the 30 days required by •Rule 13, 12(c) (11), and further erred in holding that the second letter did not amend the first letter of appeal with respect to the requirements of the rules as to content.
“2) With reference to Docket No. 722 (the removal), the Commission erred in holding that the conviction for theft alone was an adequate basis for the action taken by the appointing authority and further erred in refusing to hear evidence which would go to show that appellant was not guilty of theft with which he was charged and convicted.”
As pointed out above, the exhibits in the record, which were prepared by the Commission, show that the first letter of appeal was, in fact, received on April 27, 1966. This latter date is the thirtieth day after the date on which the notice of suspension was mailed, and the letter, if effective as an appeal, was timely received. Rule 13, 12(a), adopted by the Civil Service Commission, provides as follows:
“No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received * * * ff
“Rule 13.11 provides as follows:
“A notice of appeal must
“(a) Be in writing, and
“(b) Be signed by the appellant or on his behalf by an attorney duly licensed to practice law in the Courts of the State of Louisiana; and
“(c) Give the name and mailing address of the appellant, and of his attorney, if any; and
“(d) Contain a clear and concise statement of the action complained against and the basis of the appeal; and
“(e) Give the date on which the action appealed from occurred, or that the appellant learned thereof; and
“(f) State the date that the appellant received written notice of the action complained against, if written notice was given; and
“(g) State the relief appellant seeks.”
The letter of' April 26, 1966, does not comply with the above requirements. However, appellant contends that these deficiencies are remedied by his letter of appeal of April 28, 1966, which he says should be considered as an amendment to the first letter, and that as an amendment, should relate back to the date of filing of the first letter. We cannot agree with this contention. There is no provision in the rules of the Civil Service Commission for amendments to pleadings.
In the case of Young v. Charity Hospital of Louisiana at New Orleans, 226 La. 708, 77 So.2d 13 (1954), the Supreme Court said this:
“Under the Civil Service Act we cannot declare a procedural rule, having the effect of law, void because it conflicts with our opinion of policy, expedience or justice. If the rule is passed within the general scope of a Legislature or the Commissioners conferred powers, the Court cannot pronounce it void because *183 not supplemented with additional safeguards as in a court of law, or direct action merely because in our judgment it is contrary to the principles of natural justice.”
Since no letter of appeal complying with Rule 13.11 was filed with the Commission within thirty days after receipt of the notice of suspension, the appeal in Case No. 713 was properly dismissed.
In case No. 722, the Commission found that appellant had been convicted of theft and that the conviction alone was sufficient cause for his dismissal. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), a case relied on by appellant, contains the following language :
“Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious.”
In this case, the record reveals that appellant was charged with and convicted of theft of black walnut lumber from Chicot State Park, where he was employed as Park Ranger. There is an obvious connection between his conduct and the “efficient operation of the public service,” since he was found guilty of stealing from the very premises he was employed to protect.
Appellant further maintains that he is not guilty of the crime for which he was convicted, and desires the opportunity to offer evidence on this point to the commission, which refused to entertain evidence at the hearing. He cites the Leggett case, supra, as authority for the proposition that such evidence must be heard.
In the Leggett case, the employee was acquitted of the crime with which he was charged, but the Supreme Court found, on the basis of other evidence concerning his activities, which was heard by the Commission, that there existed sufficient cause for his dismissal. Appellant argues that if the Commission hears evidence where there has been an acquittal, it should be obligated to hear evidence when there is a conviction. We cannot agree with this contention. It is entirely possible for a person’s conduct to present adequate cause for dismissal without it being sufficient to warrant conviction for a crime. We cannot say that the converse would be equally true. The Commission did not err in refusing to go behind the finding of the Court in the theft case, and was correct in finding that the conviction alone was sufficient to justify appellant’s dismissal.
The decision of the Civil Service Commission is, accordingly, affirmed, at appellant’s cost.
Affirmed.