STOULIG, Judge.
This is an appeal by the Sharlo Corporation, doing business as General Distributors Jewelers, from an adverse judgment in favor of the Parish of Jefferson. Appellant questions the validity of the occupational license assessment and the imposition of penalties and attorney’s fees for a delinquent sales tax return.
Briefly stated, the facts germane to the issues are as follows: General Distributors is a catalog and counter “gift” retail sales outlet. On October 31, 1969, after 11 years of operation in the City of New Orleans, appellant opened an additional store in the Parish of Jefferson during the peak of its seasonal business. Predicated upon its gross sales from October 31 to December 31, 1969, the Parish of Jefferson computed the occupational license assessment for the year 1970.
The method of computation utilized by the parish (Code of Ordinances, Chapter 10, Section 10-6(A)(4)) is identical with that prescribed by the state statute (LSA-R.S. 47:398(A) (4) ) for businesses whose previous years’ operations are less than one calendar year. The fee is determined by dividing the number of days in operation into the gross revenues derived during that period to ascertain the daily average which is then multiplied by 365 to arrive at the approximate anticipated gross sales for the succeeding year. Sharlo attacks the constitutionality of this method of determining its gross annual sales for license tax purposes.
In substance appellant maintains that the part of the year used to determine its tax liability (November through December) coincides with the peak period of its seasonal business, and represents 60 percent of its annual volume of sales, thus producing an inflated tax base. It is submitted that as a result the tax for the succeeding year (1970) was based upon 240 percent of the annual gross volume. Sharlo contends that for this reason the ordinance as applied to its business in this instance is discriminatory and unconstitutional.
This method of determination, prescribed by parish ordinance duplicating the state statute, is applied to all similar businesses. The attack is not leveled against the general administration of the law but against the partial year computation therein prescribed as applied to a highly seasonal business. However, because there are no alternative statutory methods to determine the tax in the situation complained of, the attack of “unconstitutionality as applied” is an attack against the ordinance itself.
The trial court found the ordinance constitutional. As provided in LSA-Const. *307 Art. 7, § 10(1) where the constitutionality or legality of any tax levied by any parish is contested, appellate jurisdiction vests exclusively with the Supreme Court. It therefore follows that this court does not have jurisdiction to hear this appeal.
Furthermore, we cannot consider the validity of the imposition of penalties and attorney’s fees assessed in connection with appellant’s delinquent sales tax return in view of the additional provisions in LSA-Const. Art. 7, § 10 that if a case is properly appealed to the Supreme Court on any issue, that court has appellate jurisdiction of all other issues in the case.
For the reasons assigned, it is ordered that this appeal be transferred to the Supreme Court of Louisiana under the authority of LSA-R.S. 13:4441 and LSA-C. C.P. art. 2162, provided the appellant causes the record to be filed in that court within 30 days of the finality of this decree. If the record is not so filed within the 30-day period, the appeal shall stand dismissed. All costs in this court are to be paid by the appellant.
Appeal transferred.