DIXON, Justice.
This appeal was transferred from the Court of Appeal, 270 So.2d 305, to this court because the constitutionality or legality of a parish tax is contested. Article 7, § 10(1). The Parish of Jefferson filed a rule against the defendant for sales and use taxes for October, 1969 through February, 1970, and for occupational license fee for 1970. In answer, the defendant complained that the method of computing the 1970 occupational license is “unconstitutional as applied to defendant.” Judgment was rendered against defendant and this appeal followed.
On October 1, 1969 appellant, Shark) Corporation, opened for business in Jefferson Parish. As a retail merchandiser, appellant was subject to an occupational license tax. The tax is paid in advance. Where a business begins operation during a year, the tax for the succeeding year is calculated by averaging the receipts for the time the business has operated and extending this figure to a full year. This sum is the tax base to which the tax rate is applied.
Appellant does not complain of unequal administration of the law, but rather that the method of calculating the tax base for commencing businesses denies equal protection when applied to a business which is largely seasonal and begins operations during the peak period. The evidence indicates that the business is expected to make 60% of its annual gross sales in the perid from October 1 through December 31 of each year.
The ordinance in question, which tracks La.R.S. 47:398, subd. A, sets up methods for calculation of the tax base. For businesses' conducted previously, the tax base is the annual gross receipts for the preceding calendar year. For businesses which had commenced during the preceding year, the gross receipts of the year in which the business commenced were averaged on a daily basis and multiplied by 365 to obtain a figure representing annual gross receipts to use as a base.
A state (or a political subdivision) has broad discretion to classify as long as the classification has á reasonable basis. State v. Pebworth, 260 La. 647, 257 So.2d 136 (1972); Petition of Sewerage and Water Board of New Orleans, 257 La. 716, 243 So.2d 809 (1971). The burden is on the person attacking the statute (ordinance) to prove that the classification has no reasonable basis. Metropolitan Casualty Ins. Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070 (1935).
Appellant alleges that it is denied equal protection by the classification because of the somewhat seasonal nature of its business. In fact the appellant is in a class with other general retail merchandisers whose businesses presumably are as seasonal as is the appellant’s.
The purpose of the ordinance, raising revenue, is valid. It is reasonable and, in fact, necessary, to treat commencing businesses differently from ongoing operations in calculation of the tax base. The method of calculation is reasonable and is applied equally to all those in appellant’s class.
Equal protection under the Fourteenth Amendment requires that state action affect alike all persons and interests similarly situated. Petition of Sewerage and Water Board of New Orleans, supra; Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968). Appellant has failed to distinguish itself from the other members of the class in which it was included. It admits that the ordinance is ad *248 ministered equally. The ordinance is constitutional as applied to the appellant.
Appellant also complains that the sheriff abused his discretion by refusing to waive penalties due for failing to pay sales taxes timely.
The Jefferson Parish sales tax ordinance provides:
“(d) All penalties and interest imposed by this chapter shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay the tax when due is explained to the satisfaction of the sheriff, he may remit or waive payment of the whole or any part of any penalty, but he may not remit or waive payment of any interest payment.” (Ord. No. 2587, § 10, 11-10-54). (Emphasis added).
Oversight was the reason given by the appellant for late payment. Clearly, the ordinance gives the sheriff discretion to waive penalties, but it cannot be said that the sheriff abused his discretion by failing to waive the penalties in light of the reason given for late payment.
The judgment of the district court is affirmed, at defendant’s cost.
CALOGERO, J., concurs.
SUMMERS, J., dissents and assigns reasons.