340 So.2d 1092 (1976)
Robert N. SUTTON
v.
DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE.
No. 11049.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
*1093 Philip R. Johnson, Ronald P. Herman, Metairie, for appellant Robert N. Sutton.
O. E. Jack Roberts, Howard P. Elliott, Jr., Baton Rouge, for appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
Appellant, Robert N. Sutton, a trooper serving with permanent status in the Louisiana State Police, brings this action to set aside a ruling of the Louisiana Civil Service Commission on a motion for summary disposition, the basis of that motion being that the appellant's appeal to the Commission was untimely. The Commission dismissed the appeal because of Sutton's failure to file a written notice of appeal within thirty days after he received written notice of his removal. We affirm the Commission's ruling.
The record shows that a letter addressed to appellant, dated January 16, 1976, informed him that his employment with the Louisiana State Police was being terminated as of midnight on that same date. As the basis for this removal, the letter of dismissal stated that the appellant had participated in the smoking of marijuana at a Christmas party. The letter gave the specifics of the incident and informed him that his conduct under the circumstances was intolerable and violative of departmental rules and regulations. The letter of dismissal was hand-delivered to Sutton, who admittedly received it on the same date that it was written.
He appealed this dismissal to the State Civil Service Commission by letter of appeal prepared by his counsel. The letter was dated February 13, 1976, postmarked February 17, 1976, and it was received in the office of the Department of Civil Service in Baton Rouge on February 18, 1976.
Subsequent to the appeal, a motion for summary disposition was filed by the employing agency. On June 1, 1976, a hearing was held with the issue limited to the motion, after which the motion for summary disposition was sustained and the appeal dismissed.
The Commission based its action of dismissing the appeal on Civil Service rule 13.12(a)(1) which reads:
"13.12 Delay for Making Appeal.
"(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.
"1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules . .."
Rule 13.11 requires that, inter alia, an application for an appeal to the Commission be in writing and state the complaint, the date of the dismissal, the basis of the application, and the relief sought. This application must be filed within thirty days after written notice of dismissal is given to the employee. Civil Service Rules, Rule 13.12. It has been decided by the Supreme Court that if an appeal is applied for more than thirty days after the employee has been given the notice of dismissal, the Commission will dismiss the appeal. Purdy v. Department of Revenue of the State, 238 La. 673, 116 So.2d 290 (1959); Chadwick v. Department of Revenue of the State, 238 La. 661, 116 So.2d 286 (1959).
La.Const. of 1921, Art. XIV, Section 15(I) (now La.Const. of 1974, Art. 10, Sec. 10) authorized the State Civil Service Commission to adopt and enforce rules for the orderly administration of the Civil Service Act which protects the tenure of classified employees. It was under this constitutional authority that the Commission adopted Rule 13.12. The Commission is a quasi-judicial body. When the Commission's rules are *1094 reasonable, and do not violate basic constitutional rights, they must be recognized and enforced by the courts. See Heinberg v. Department of Employment Security, 256 So.2d 747 (La.App. 1 Cir. 1971), writ ref. 260 La. 1135, 258 So.2d 381 (1972).
As the basis for appeal, appellant states that the letter of termination is ambiguous and vague, that the method of termination is arbitrary, capricious, and without probable cause, and that rule 13.12(a)(1) is unconstitutional as violative of due process and equal protection.
We have carefully read the letter of dismissal. It is expressed in writing and gives "detailed reasons" for the dismissal, as the State Constitution (formerly Art. XIV, Sec. 15(N)(1), now La.Const. of 1974, Art. 10, Sec. 8) and the Civil Service Rules, Rule 12.3, require. The letter of dismissal contains "a clear, fair statement of the conduct of the employee, including pertinent times, dates, and places." Hays v. Louisiana Wild Life & Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962); Sockrider, Dismissal of Louisiana State Civil Service Employees (Comment), 23 La.L.Rev. 121, 125 (1962).
Appellant, while not disputing the authority of the Civil Service Commission to make rules having the force of law, argues that Rule 13.12(a)(1) is unconstitutional because it violates his right to due process. Essential to due process are "notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." Mongogna v. O'Dwyer, 204 La. 1030, 16 So.2d 829, 833 (1943). A fair reading of the Civil Service Rules clearly indicates that review is available before dismissal becomes effective. See Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4 Cir. 1971).
Similarly, the thirty-day limitation is a reasonable exercise of the Commission's constitutional power to fix "the time within which appeals must be taken."
We see no basis to hold unconstitutional the reasonable rule made by the commission under its authority to do so under the State Constitution. In Johnson v. State Parks and Recreation Commission, 198 So.2d 180 (La.App. 1 Cir. 1967), this Court affirmed the application of this rule in an instance where a deficient notice of appeal had been filed within the thirty-day period, rejecting the contention that a notice filed subsequent to the expiration of the specified period should be regarded as an amendment retroactive to a timely but defective appeal.
In this connection it is pertinent to note that in the case of Young v. Charity Hospital of Louisiana at New Orleans, 226 La. 708, 77 So.2d 13 (1954), the Supreme Court said, at page 14:
"Under the Civil Service Act we cannot declare a procedural rule, having the effect of law, void, because it conflicts with our opinion of policy, expedience or justice. If the rule is passed within the general scope of a Legislature or the Commissioners conferred powers, the Court cannot pronounce it void because not supplemented with additional safeguards as in a court of law, or direct action merely because in our judgment it is contrary to the principles of natural justice."
Moreover, the appellant does not claim that he received no notice of dismissal, that no appellate procedure was available to him, or that the time limit was unclear. The appellant received the requisite notice and he had ample opportunity to avail himself of the same procedure provided for all members of the classified civil service.
Thus, the charge of denial of due process is patently without merit. Under the Commission's rules, the appellant was clearly entitled to a hearing to challenge his dismissal. He was given due notice of his dismissal and the specific reasons therefor and could have appealed. If he had done so timely, he would have been entitled to an opportunity to produce whatever proof he had available which might be favorable to his cause. Having failed to exercise his right to appeal timely, the appellant has no basis for complaint now.
Next, the appellant contends that because the Civil Service Rule as to computation *1095 of time does not conform to other administrative and judicial rules, the rule is arbitrary. The appellant urges that it is, in effect, arbitrary and unconstitutional for the rule to count legal holidays if the last day of the appeal period falls on a legal holiday. There is no merit in this contention. Rule 13.12(a)(1) allows a 30-calendarday delay in which to give notice of appeal. Rule 13.12(b) states that: "Legal holidays and days on which the office of the Department of State Civil Service is closed shall not serve to extend the delay period specified in Sub-section (a) hereof." Appellant does not contend, and the record does not show, that other members of the state civil service have been allowed an additional delay period due to legal holidays. The rule affects all persons in the same class and under similar circumstances alike; therefore, there is no denial of equal protection under the Fourteenth Amendment. Parish of Jefferson v. Sharlo Corp., 283 So.2d 246, 247 (La.1973); see 16 Am.Jur.2d "Constitutional Law," sec. 502, page 878.
We find Rules 13.12(a)(1) and 13.12(b) constitutional as being a reasonable exercise of the constitutional and statutory powers granted to the State Civil Service Commission, and they are not violative of the constitutional guarantees of due process or equal protection.
We find that the appeal was not timely filed with the Commission. Therefore, the Commission's ruling dismissing the appellant's appeal is affirmed at appellant's costs.
AFFIRMED.