ELLIS, Judge:
This is an appeal by Michael Doré from an opinion of the State Civil Service Commission, which affirmed his discharge by Roy E. Westerfield, Director of the Division of Family Services of the Louisiana Health and Human Resources Administration, from his position as Family Service Eligibility Worker.
Mr. Doré was discharged, effective July 3, 1975, by letter dated July 1, 1975, for a number of reasons. He was first charged with deliberately making false entries in the records kept by him, by indicating therein that he had made home visits to three of his clients when, in fact, he had not *419 done so. The clients named were Louise Woods, Barbara Ann Condol, and Elizabeth Stewart.
Mr. Doré was further charged with making false entries in CR — 8 forms, and failing to adhere to instructions, by not making narrative entries in each of his records. The letter charges that he indicated making narrative entries in 27 cases in which he in fact failed to do.
Finally, he was charged with failure to complete reconsideration of the cases assigned him in June, 1975. Specifically, he is charged with failing to complete 26 out of 30 cases assigned him. Eight other cases, carried over from the previous month, were either completed by others or required closure only.
Mr. Doré’s appeal, reciting the grounds therefor, was timely made by letter of July 29, 1975. On August 20, 1975, Mr. Doré attempted to add an additional ground for the appeal. The appointing authority filed a motion for summary disposition of the amendment to the appeal, which was granted by the Commission. No evidence relative thereto was permitted at the hearing. Mr. Doré complains of the ruling of the Commission in this respect.
Civil Service Rule 13.11(d) requires that a notice of appeal must:
“Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. . . .”
Rule 13.12(a) states that no appeal shall be effective unless properly filed within 30 calendar days after the date on which appellant received notice of the action complained of. Rule 13.14(a)(3) states:
“(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:

“3. That the appeal has not been made in the required manner or within the prescribed period of delay.”
Under those rules the Commission found that an appeal is limited to the grounds alleged within the appeal delay. Mr. Doré argues that under the ruling of this Court in Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir. 1975), his amendment is timely and must be considered. The Bennett case has no application to this case, because, in that case, no objection was raised to the amendment, whereas in the instant case, a proper motion for summary judgment was filed. We do not find the interpretation placed on the above rules by the Commission to be unreasonable. The contention is therefore without merit.
The findings of fact of the Commission were as follows:
“1. Appellant made entries in the records of Louise Woods and Barbara Ann Condol declaring that he had made visits to their homes, but he did not make such visits.
“2.' Appellant did not make required narrative reports and file them in the records of the cases which he was handling.
“3. Appellant did not complete the work assigned to him for the making of narrative reports on his April listing of cases within the time required for such completion, and, though he was given an extension of time for such work until the month of May, these reports were not prepared and filed up to the time of his separation.
“4. The quality and quantity of work accomplished by appellant deteriorated after August, 1973 until his separation.”
With respect to the first finding of fact, it seems clear that Mr. Doré did not visit the home of Barbara Ann Condol, but did make an entry on her CR-8 form that he had done so. Louise Woods first testified that she had only had one home visit during her two years on welfare, which had taken place two weeks before the hearing. On *420 questioning by a commission member, she then recalled two other workers making home visits. Finally, she recalled one visit by Mr. Doré. Her CR-8 form shows that Mr. Doré recorded one home visit with Mrs. Woods. The record therefore does not support the conclusion that Mr. Doré did not visit Mrs. Woods.
It is undisputed that Mr. Doré did not make many narrative entries in his April scroll of cases, although he indicated having done so on the CR-8 forms in the files. Mr. Doré admits not having made the entries. However, he testified that he was given permission to file them late by Mrs. Lynn True Belote, his supervisor, because he was overworked and was falling behind. He stated that he was fired before he had a chance to do the narratives. He also testified that he indicated “narrative filed” in the CR-8 forms merely as a device to indicate that the consideration of the case was completed, and that Mrs. Belote knew what he was doing.
Mrs. Belote acknowledged that Mr. Doré was behind in his April work, and that she gave him permission to complete his recon-siderations without filing the narratives immediately. She testified that she did not give him permission never to file them at all, and in May, told him to file them as soon as possible, but without giving him a deadline by which to do so. Accepting Mrs. Belote’s testimony as true, it appears that the Commission erred in finding that Mr. Doré was “given an extension of time for such work until the month of May.” Otherwise their findings of fact Nos. 2 and 3 are sustained by the record.
Finding of fact No. 4 is not related to any of the charges made by the letter of dismissal, and is therefore irrelevant.
The Commission failed to make any findings of fact as to Mr. Doré’s defense of discrimination relative to the size of his work load; his allegation that other workers had failed to make home visits and, with the knowledge of their supervisors, had made false entries relative thereto; and that the reasons listed for his dismissal were not the true reasons for same.
Finally, the Commission totally failed to mention the third charge made against Mr. Doré in the letter of dismissal, relative to his June cases, and the defense made thereto by Mr. Doré.
We do not know whether the Commission would have affirmed the dismissal of Mr. Doré if their findings of fact had been in accordance with the findings of fact made herein. Neither can we be sure what the Commission would have decided had it considered all of charges levelled against Mr. Doré, and the defenses offered thereto.
We are of the opinion that the interest of justice would best be served by remanding the case to the Civil Service Commission for a full consideration of the legal and factual issues presented by the record. No new hearing is required, unless, in the discretion of the Commission, it would like to hear additional evidence on any of the points at issue.
The case is therefore remanded to the Civil Service Commission for further consideration, in accordance with this opinion, and in accordance with law. Taxing of all costs will await the final determination of the matter on its merits.
REMANDED.