BLANCHE, Judge.
Janis T. Roussell is appealing the granting of a Motion for Summary Disposition by the Louisiana Civil Service Commission which dismissed her appeal to the Commission. Appellant was separated from her position as a Welfare Visitor in the Louisiana Health and Human Resources Administration, Division of Family Services. The causes for her dismissal were particularized in a letter which she received on December 10,1976, following a meeting where she and other employees were verbally advised of their termination.
On December 13, 1976, appellant, along with “others,”[1] signed a letter dated that day and received by the Department of Civil Service on December 15, 1976, which stated:
“We, the undersigned wish to appeal our removal from the Division of Family Services effective December 10, 1976.”
After the Motion for Summary Disposition of Appeal was filed, appellant sought to amend the appeal to comply with the deficiencies alleged in the motion, but the Commission found that the amendment was not filed in accordance with Civil Service Rule 13.12(a),[2] and no issue is made of this ruling on appeal to this Court.
There are only two issues presented by this appeal. The first is whether the Commission correctly found that appellant’s letter did not substantially comply with Civil Service Rule 13.11(d), (e), (f) and (g). The second issue is whether Article 10 of the Louisiana Constitution of 1974 providing that the “burden of proof on appeal, as to the facts, shall be on the appointing authority” relieves appellant from complying with said rule.
Rule 13.11(d) provides that appellant’s notice of appeal must “[cjontain a clear and concise statement of the * * * basis of the appeal.” A mere statement that one desires to appeal the employee’s removal from State service does not meet the requirement of the rule. It does not deny the charges made in the dismissal, nor does it indicate whether or not discrimination is alleged to be a basis for appeal.
On the second issue, appellant argues that the constitutional and jurisprudential basis for the requirement that appellant state “the basis of the appeal” seems to have passed with the death of the old constitution since the appointing authority must come forward in the first instance to justify disciplinary action. The argument is without merit. Under the Louisiana Constitution of 1921, as well as the Constitution of 1974, all employees disciplined by removal from State service are guaranteed the right to appeal. Article 10, § 8, Louisiana Constitution of 1974; Article 14, § 15, Louisiana Constitution of 1921. Whether the employee or the appointing authority has the burden of proof relative to the issues on appeal is a question aside from the rule requiring the employee to specify the basis of the appeal. The question is whether the rule is in conflict with the constitutional provision or whether it is so unreasonable or arbitrary as to deprive appellant of due process or equal protection of the law.
In Sutton v. Dept. of Public Safety, etc., 340 So.2d 1092 (La.App. 1st Cir. 1976), in *663 holding that the Commission rule requiring the written notice of appeal be filed within thirty days after receipt of written notice of the action appealed from, the Court did not deny due process, stating:
“The Commission is a quasi-judicial body. When the Commission’s rules are reasonable, and do not violate basic constitutional rights, they must be recognized and enforced by the courts. See Heinberg v. Department of Employment Security, 256 So.2d 747 (La.App. 1 Cir. 1971), writ ref. 260 La. 1135, 258 So.2d 381 (1972).” (340 So.2d at 1093, 1094)
Appellant has failed to carry the burden of proof as to these issues.
Civil Service rules are clothed with the force of law, Article 10, § 10(a)(4), Louisiana Constitution of 1974; and we find appellant has failed to comply therewith.
Accordingly, the decision of the Civil Service Commission is affirmed. All costs are to be paid by appellant.
AFFIRMED.

. The “others” referred to were fellow employees of appellant, and they also appealed their dismissals in Appeal Nos. 1586, 1587, 1588, 1589, 1592 and 1593 on the docket of the Civil Service Commission. Appellant’s appeal was numbered 1594. The Commission consolidated the foregoing appeals in a single hearing before the Commission on May 3, 1977, limited solely to a consideration of the Motion for Summary Disposition. The others have also appealed to this Court, and their appeals are lodged in No. 11,678 on the docket of this Court.

. Civil Service Rule 13.12(a)(1) states:
“(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.
“1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules * *