EDWARDS, Judge.
This is an appeal by Michael Doré from a decision of the State Civil Service Commission, upholding his discharge from his position as a Family Eligibility Worker.
Doré was discharged, effective July 3, 1975, by letter dated July 1, 1975. The letter contained three specific reasons for the dismissal, namely: (1) that he had entered false information in case records, by indicating that he had made home visits when, in fact, he had not done so; (2) that he had failed to make narrative entries in each of his records, and that he had made false entries in 27 case records indicating that narratives were filed when, in fact, no narratives were filed; and (3) that he had failed to complete reconsideration of the cases assigned him in June, 1975.
This matter was previously before this Court, Doré v. L H H R A, Division of Family Services, 344 So.2d 418 (La.App. 1st Cir. 1977), and was remanded to the Commission for further consideration. This Court there stated at page 420:
“* * * The Commission failed to make any findings of fact as to Mr. Doré’s defense of discrimination relative to the size of his work load; his allegation that other workers had failed to make home visits and, with the knowledge of their supervisors, had made false entries relative thereto; and that the reasons listed for his dismissal were not the true reasons for same.
“Finally, the Commission totally failed to mention the third charge made against Mr. Doré in the letter of dismissal, relative to his June cases, and the defense made thereto by Mr. Doré.
“We do not know whether the Commission would have affirmed the dismissal of Mr. Doré if their findings of fact had been in accordance with the findings of fact made herein. Neither can we be sure what the Commission would have decided had it considered all of charges levelled against Mr. Doré, and the defenses offered thereto . . . ”
On remand, the Commission made the following additional findings of fact:
“1. The workload of Doré, asserted to be approximately 40 per month, was larger than the workloads of some of his fellow employees, smaller than at least one of them, Sylvia Douglas (R. 298), and, by his own estimate, of the time required to work each case, 2V2 to 3 hours, not an undue burden or beyond what could be expected of him.
“2. The assertion that other case workers had made false entries as to home visits with the knowledge and approval of their supervisors was not established by the evidence.
“3. The assertion that appellant was prevented from working his June scroll by extraordinary work assignments was not established by the evidence.”
The Commission again denied the appeal, concluding that the discharge was justified.
Doré contends that the Commission’s findings are erroneous, assigning eight (8) specifications of error. .
We will not address the first three specifications, inasmuch as they were thoroughly examined on the previous appeal and were determined adversely to appellant.
On the issue of discrimination, the evidence in the record establishes that cases were assigned to workers on the basis of the Zip Code in the address of the client. Although this scheme may have accounted for an unequal distribution in the work load, Doré has failed to meet his burden of proving that these assignments were made discriminatorily, or that he was otherwise discriminated against. La.Const. art. X sec. 8(B).
Next, Doré contends that it was the “universal practice” of the employees in his department to falsely indicate that home visits were made when, in fact, no visits were made.
*231 The evidence in the record quite simply does not support this contention. While other workers testified that they may have occasionally omitted to make home visits, they did not substantiate Doré’s alleged “universal practice” of deceit in falsifying records. Only one witness, Ronald Borskey, stated that he would note a home visit on case records when, in fact, no home visit was made. The Commission indicated in its Written Opinion that it did not find Borskey’s testimony persuasive in view of the conflicting evidence. We do not view this as error. Michel v. Department of Public Safety, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1078 (La.1977).
Next, Doré contends that the letter of dismissal did not state the “true reasons” for his discharge.
We note that there is no evidence in the record to indicate that Doré was discharged for reasons other than those stated in the letter of dismissal, or that the stated reasons were not the true reasons for the discharge.
Finally, Doré contends that the Commission erred in finding that he was not prevented from working his cases in June, 1975. Doré maintains that he did not receive an accurate scroll of cases for that month.
Although there is an obvious scarcity of evidence in the record on this issue, it does appear that Doré, by his own admission, did not work on any of the June cases, whether from a complete or incomplete scroll. The only evidence indicating that Doré did not receive an accurate scroll for June, 1975, was his own unsubstantiated testimony. As such, we find that the Commission’s finding regarding the third charge against Doré is not manifestly erroneous. Michel, supra.
We find no merit in any of Doré’s contentions of error.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
EDWARDS, Judge.
Appellant, Michael Doré, filed a motion to remand this appeal to the Civil Service Commission, contending that the Supreme Court’s decision in Theard v. LHHRD, 356 So.2d 433 (La.1978), reversing the Court of Appeal in Theard v. LHHRA, 354 So.2d 663 (La.App. 1st Cir. 1977), would allow the introduction of evidence in support of the ground for appeal raised in his amended notice of appeal. The Civil Service Commission dismissed Doré’s amended notice of appeal on a motion for summary disposition, since the notice was filed untimely under Civil Service Rule 13.12.[1]
We have examined the decisions in Theard and the companion case, Roussell v. LHHRA, 354 So.2d 661 (La.App. 1st Cir. 1977), reserved and remanded, 356 So.2d 1014 (La.1978), and find these decisions in-apposite.
The ruling in Theard did not hold the Civil Service Rules regarding the timeliness of appeal unconstitutional.
*232 Accordingly, the motion to remand is denied, at appellant’s cost.
MOTION DENIED.

. 13.12 Delay for making appeal.
(a)No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules: or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or,“if required, was given tardily or not at all.
(b) Legal holidays and days on which the office of the Department of State Civil Service is closed shall not serve to extend the delay period specified in Sub-section (a) hereof.
(c) No appeal shall lie against any action following the expiration of three hundred sixty-five (365) calendar days from the date on which it occurred.
(d) No appeal shall be supplemented or amended following the expiration of the delay period stipulated by Sub-section (a) hereof.